## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | | |
|---|---|---|
| **ALFRED LEE MAULDIN,** | ) | Shelby County Chancery Court |
| | ) | No. 98-0522-3 R.D. |
| Petitioner/Appellant. | ) | |
| | ) | C.A. No. 02A01-9902-CH-00065 |
| VS. | ) | |
| | ) | Hon. D. J. Alissandratos, Chancellor |
| **MARK LUTTRELL, WARDEN, et al,** | ) | |
| | ) | **AFFIRMED** |
| Respondents/Appellees. | ) | |
| | ) | OPINION FILED: |

**FILED**

**September 9, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

**Alfred Lee Mauldin,** *Pro Se*

**Veronica F. Coleman,** United States Attorney
**William W. Siler**, Assistant United States Attorney
For Respondents/Appellees.

_____

## MEMORANDUM OPINION[1]
_____

**Farmer, J.**

Alfred Lee Mauldin appeals from the order of the chancery court dismissing his petition for writ of habeas corpus on the basis that the trial court lacked subject matter jurisdiction.

Mr. Mauldin filed the writ in the Chancery Court of Tennessee for the 30th Judicial District at Memphis. The writ is entitled FORM TO BE USED BY FEDERAL PRISONERS IN FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 SECTION 2241.[2]

---

[1]**Rule 10 (Court of Appeals).** <u>Memorandum Opinion</u>. -- (b) The court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]28 U.S.C.S. § 2241(a) (Law. Co-op. 1992) states as follows:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

1

It is apparent from Mr. Mauldin's petition that he was convicted of various federal crimes in the United States District Court in Nashville and that his conviction was affirmed by the United States Court of Appeals for the 6th Circuit. It is further stated in the petition and in his brief filed in this court that he is presently incarcerated at a federal correctional institution in Memphis, Tennessee.

Section 29-21-101 of the Tennessee Code Annotated states as follows:

> Any person imprisoned or restrained of his liberty, under any pretense whatsoever, *except in cases specified in § 29-21-102*, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint. (Emphasis added.)

T.C.A. § 29-21-102, applicable to federal prisoners, states:

> Persons committed or detained by virtue of process issued by a court of the United States, or a judge thereof, in cases where such judges or courts have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of suits in such courts, are not entitled to the benefits of this writ.

As best we can ascertain from his brief, it is Appellant's interpretation that the language in 28 U.S.C.S. § 2241 that writs of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions" means that the chancery court of this state has jurisdiction to entertain a petition for writ of habeas corpus filed by a federal prisoner. T.C.A. § 29-21-102 is clearly to the contrary. Therefore, the judgment of the trial court dismissing the petition is affirmed and the costs of this cause are taxed to the appellant, Alfred Lee Mauldin, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

2